State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. John C. Nimmer, respondent.
___ N.W.2d ___

Filed June 14, 2013.    No. S-13-076.

Original action. Judgment of public reprimand.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

Respondent, John C. Nimmer, was admitted to the practice of law in the State of Nebraska on September 17, 1993. At all relevant times, he was engaged in the private practice of law in Omaha, Nebraska. On January 31, 2013, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges consisting of one count against respondent. In the one count, it was alleged that by his conduct, respondent had violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-507.1 (communications concerning lawyer's services) and 3-508.4(a) (misconduct), along with other rules.

On April 30, 2013, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he had violated his oath of office as an attorney and §§ 3-507.1 and 3-508.4(a) and knowingly chose not to challenge or contest the truth of the matters conditionally admitted and waived all proceedings against him in connection therewith in exchange for a public reprimand.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's request for public reprimand is appropriate.

Upon due consideration, we approve the conditional admission and order that respondent be publicly reprimanded.

FACTS

The formal charges state that in April 2011 and there-after, respondent maintained a Web site identified as "www.nimmerlawoffice.com." The purpose of the Web site was to advertise the legal services of respondent to individuals and businesses seeking to raise capital through individual investors to be located and provided by respondent and his law firm.

Respondent also marketed his services to individuals and businesses through a Web site identified as "www.nimmerlawscreening.com." On this Web site, respondent made the following statements which, according to the formal charges, contain false and misleading information:

"'Properly Qualified Angel Investor — Fast' With 18 years of success we are the resource to get you the right angel investor — right now. Further, we make sure you are legally compliant. The angel investors we provide meet the required substantive-pre-existing relationship requirements of the Securities and Exchange Commission (SEC). To learn more and to see if you qualify call a representative or fill out the form below. We'll provide a consultation to determine if you are approved. If you qualify you'll be speaking to interested angel investors very soon. Our abilities and competence in assisting clients [to] get angel investors is impressive. We believe, you will be like so many others — quite pleased with our practical approach in getting you in touch with pre-qualified investors. This private method of financing is often much more effective and, faster than other methods of financing. This is an Advertisement For a Law Firm Specializing in Private Funding for Angel Investors.

"That being said, we have an unlimited number of wealthy investors plus new investors joining daily.

"But, The Nimmer Law Office has the solution to that dilemma — our third party pre-screened investors! These investors are screened to meet the rigid requirements of the pre-existing relationship. You can now confidently get

all the investors you want because we have what is called the three point test . . . investors. . . .

"Nimmer Law Office has all the requirements covered from initial legal structure to ongoing compliance/filing and the all important accredited investors with substantive, pre-existing relationships. In the final analysis, it is difficult to find better tools and investors than the Nimmer Law Office offers.

"Q: What kind of results will I get?

"A: All one can ethically do is look at the worst case scenario — And, it is probably not fair to either you or I to say you'll be the worst ever. However, we have thousands of investors liquid at any given time in virtually all industries, therefore the worst case scenario is we will provide you with at least one qualified investor per business day for the duration of [your] contract. Each will be interested in speaking with you about your investment offer and will have the money on hand to invest with you.

"Q: How much capital have you raised in the past?

"A: We as a law firm never raise money! We make sure our clients are scheduled and on the phone with investors that are interested in their type of transaction and have the money to invest . . . .

"Q: How long have you been operating?

"A: 18 years[.]

"Q: How many deals has Nimmer closed?

"A: Many but we explicitly ask that the only thing you make your decision on are things that are actually tangible and deliverable, not hopes, guess work, past successes or predictions. Therefore, below is the actual product you will be purchasing[:]

1) A highly competent attorney

2) Compliance with all regulatory bodies

3) Qualified Investors

4) A call center to screen and schedule appointments for your company

5) Legal trust account and clearing service[.]"

In April 2011, a client and his business entity contacted respondent based upon the Internet advertising set forth above. On September 22, in reliance upon the advertising and the promises made therein, the client entered into a letter of engagement with respondent stating that respondent was to provide legal services regarding the promotion of the client's business and to locate qualified investors. The client paid respondent $12,500 at the time he entered into the employment agreement with respondent.

According to the formal charges, after entering into the representation of the client and his business entity, and after receiving the $12,500, respondent failed to provide the services advertised on his Web site. In particular, respondent failed to provide the qualified investors for which he was hired by the client.

The formal charges allege that respondent's actions constitute violations of his oath of office as an attorney as provided by § 7-104 and professional conduct rules, including §§ 3-507.1 and 3-508.4(a).

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional

admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-507.1 and 3-508.4(a), as well as his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is publically reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.